UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Nov 18  2 28 PH '03

PRISONER U.S. DISTRICT COURT
NEW HAVEN, CONN.

MIGUEL A. DIAZ                    :
                                  :
        v.                        :   Case No. 3:02CV2147 (JBA)
                                  :
BRIAN FOLEY                       :


RULING AND ORDER

Plaintiff, Miguel A. Diaz ("Diaz"), filed this civil rights

action pro se against Officer Brian Foley of the Hartford,

Connecticut, Police Department.  The defendant moves to dismiss

for insufficiency of service of process.  For the reasons that

follow, the defendant's motion is denied without prejudice.

I.    Standard of Review

Challenges to "the mode of delivery or the lack of delivery

of the summons and complaint" are made pursuant to Rule 12(b)(5),

Fed. R. Civ. P.   5A Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1353 (2d ed. 1990).  See  E.

Refractories Co. v. Forty Eight Insulations Inc., 157 F.3d 169,

173 (2d Cir. 1998).  When the defendant asserts a challenge to

the sufficiency of service of process, the plaintiff bears the

burden of proving the adequacy of service.   Preston v. New York,

223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002).

The court may look to material outside the complaint to

determine the adequacy of service.   If service is inadequate, the

court may, but is not required to, dismiss the action.  See Fed.

R. Civ. P. 12(b)(5); Zen Music, Inc. v. CVS Corp., No. 98 Civ.
4246, 1998 WL 912102, at *4 (S.D.N.Y. Dec. 20, 1998) (granting
motion to dismiss but allowing plaintiff to re-serve defendant).

II.   Procedural Background

     On February 7, 2003, the court ordered Diaz to effect
service of the summons and complaint on the defendant on or
before June 3, 2003.  The deadline for service was extended to
September 10, 2003, after Diaz informed the court that papers he
had sent to a state marshal for service had been lost.
Thereafter, Diaz file a return of service documenting service on
September 2, 2003, of the summons and complaint.

III. Discussion

     In his motion to dismiss, the defendant states that he was
served only with the summons, a form seeking consent to the
exercise of jurisdiction by a magistrate judge and a copy of the
order directing Diaz to effect service.  He did not receive a
copy of the complaint.

     In response, Diaz asks the court to permit him to correct
this service deficiency.  In addition, he states that the
defendant's motion should be denied because the U.S. Marshal
effected service in this case and that filing a waiver of service
of summons form will satisfy the service requirements of the
Federal Rules of Civil Procedure.

     The record reveals that the U.S. Marshal was not ordered to
effect service in this case.  The court ordered that Diaz effect

                                2

service and he attempted to do so by obtaining the services of a
state marshal.  Thus, any argument that service improprieties
should be excused because the U.S. Marshal, rather than Diaz, was
responsible for effecting service is without merit.  Further,
while Diaz correctly states that a defendant may waive the
requirement of service of the summons and complaint, he has not
filed a waiver form signed by the defendant.  Thus, this argument
also is without merit.

A review of the record indicates that Diaz has been
attempting to comply with the court's order that he effect
service on the defendant.  Thus, the court will afford him one
more chance to effect proper service on the defendant.  The
defendant's motion to dismiss is denied without prejudice.

IV.  Conclusion

Defendant's Motion to Dismiss [**doc. #13**] also is **DENIED**
without prejudice.  The Clerk is directed to **issue** a summons for
defendant Foley and send it to Diaz with this ruling.  Diaz is
directed to effect service of the **summons and a copy of his
complaint,** including all exhibits, on defendant Foley within
**sixty (60)** days from the date of this order.

SO ORDERED in New Haven, Connecticut, this ___ day of
November, 2003.

Janet Bond Arterton
United States District Judge

3