FILED
Nov 21  10:35 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIGUEL A. DIAZ | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:02 CV 2147 (JBA)(JGM) |
| VS. | : | |
| | : | |
| | : | |
| BRIAN FOLEY | : | NOVEMBER 20, 2003 |
| Defendant | : | |

**REPLY BRIEF OF THE DEFENDANT, BRIAN FOLEY,
IN SUPPORT OF HIS MOTION TO DISMISS**

I.   **INTRODUCTION**

The defendant's Motion to Dismiss of September 30, 2003, filed pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure, was based upon insufficient service of process, and failure to state a claim upon which relief can be granted. The gravamen of the defendant's assessment of the inadequacies of the plaintiff's cause of action is simply that the plaintiff's complaint was not served upon the defendant within the time period required by this Court's Order. Rather, plaintiff served a Summons Sheet, Consent to Jurisdiction by United States Magistrate Judge, and a Court Order, proscribing the date of service of the complaint. See **Exh. A** attached to Defendant's Memorandum of Law in

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Support of his Motion to Dismiss ("Mem. of Law"). This amounted to insufficient service of process.

## II. ARGUMENT

In the defendants' Memorandum of Law in Support of his Motion to Dismiss, he specifically claimed prejudice resulting from plaintiff's insufficient service, as he could not respond to a claim without receiving the complaint, setting forth the underlying facts, and <u>the date when they allegedly occurred</u>. (emphasis added). See Def. Mem. of Law, p. 3.

The plaintiff's opposition to the defendant's Motion to Dismiss supplied the defendant, for the first time, in an untimely manner, a copy of the plaintiff's complaint as an attachment. That complaint makes it clear that the underlying cause of action occurred on December 2, 1999. The record herein is clear that the plaintiff filed this complaint on December 6, 2002. See United States District Court Pacer Docket Report (attached hereto as **Exh. A**). It is now apparent that the plaintiff's cause of action is barred by the applicable statute of limitations. See Conn. Gen. Stat. § 52-577.

When ruling on a motion to dismiss, the Court must presume that the well-pleaded facts alleged in the complaint are true and draw all reasonable inferences from those facts in favor of the plaintiff. See Sykes v. James, 13 F.3d

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

515, 519 (2d Cir. 1993). The issue at this juncture is not whether the plaintiff will prevail, but whether he should be allowed an opportunity to prove his claim. See Conley v. Gibson, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S.Ct. 99 (1957). Although the statute of limitations is usually raised in a responsive pleading, the defense may be raised in a motion to dismiss, if the running of the statute is apparent from the face of the complaint. See Velez v. City of New London, 903 F. Supp. 286, 289 (D. Conn. 1995). It is respectfully submitted that the plaintiff's complaint makes it clear that the subject episode, allegedly giving rise to this cause of action, occurred on December 2, 1999, more than three (3) years before his filing of the subject complaint. See Pl. Complaint, Item #5, Statement of Claim, p. 3.

The statute of limitations period for claims brought pursuant to 42 U.S.C. § 1983 is borrowed from applicable state law. The Second Circuit has concluded that § 1983 claims are properly characterized as personal injury actions, and the state statute of limitations applicable to personal injury actions should apply to all such claims. See Lounsberry v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994). In Connecticut, the statute of limitations for § 1983 claims is Conn. Gen. Stat. § 52-577. Id. at 134. That statute specifically provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

complained of." Thus, a § 1983 claim must be brought within three (3) years of its accrual. Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998). Note that any other tort claim that arguably is part of the plaintiff's cause of action, as set forth in this complaint, is also subject to the same statute that would serve as a bar herein. See Alteiri v. Colasso, 168 Conn. 329, 331-332 (1975). It seems quite obvious that even if the plaintiff chose to amend his complaint, no relief could be granted, given the date of the underlying occurrence, as recited in the complaint, and the date of filing with the Court on December 6, 2002.

## III.  CONCLUSION

WHEREFORE, as the plaintiff has failed to serve his complaint upon the defendant in accordance with this Court's Order, and has failed to commence this action within the period provided by the applicable statute of limitations, the service of process is insufficient, and the complaint fails to state a claim upon which relief can be granted. The defendant's Motion to Dismiss should be granted as a result.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANT,
BRIAN FOLEY

BY: _____
James J. Szerejko
Fed. Bar No. ct 04326
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT  06103
Tele: (860) 522-6103

## CERTIFICATION

This is to certify that on this 20th day of November, 2003, the foregoing was either mailed, postpaid, or hand-delivered to:

Miguel A. Diaz #250008
NCI
P.O. Box 665
Somers, CT 06071

_____
James J. Szerejko

487838.1(HS-FP)

- 5 -

One Goodwin Square          HALLORAN          Phone (860) 522-6103
225 Asylum Street            & SAGE LLP        Fax (860) 548-0006
Hartford, CT 06103                             Juris No. 26105

# U.S. District Court
## District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:02-cv-02147-JBA

Diaz v. Foley  
Assigned to: Janet Bond Arterton  
Referred to: Joan G. Margolis  
Demand: $50000  
Lead Docket: None  
Related Cases: None  
Case in other court: None  
Cause: 42:1983 Prisoner Civil Rights  

Date Filed: 12/06/02  
Jury Demand: Plaintiff  
Nature of Suit: 550 Prisoner: Civil Rights  
Jurisdiction: Federal Question  

**Plaintiff**
--------------------

**Miguel A. Diaz**    represented by **Miguel A. Diaz**  
Inmate 250008  
MacDougall Corrections Institute  
1153 East Street South  
Suffield, CT 06080  
PRO SE  

V.

**Defendant**
--------------------

**Brian Foley,** *I/O*    represented by **James J. Szerejko**  
Halloran & Sage  
One Goodwin Sq., 225 Asylum St.  
Hartford, CT 06103  
860-297-4658  
Fax : 860-548-0006  
Email: szerejko@halloran-sage.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  

| Filing Date | # | Docket Text |
|---|---|---|
| 12/06/2002 | 2 | COMPLAINT (D'Onofrio, B.) Modified on 12/17/2002 (Entered: 12/06/2002) |
| 12/06/2002 | 1 | MOTION by Miguel A. Diaz to Proceed in Forma Pauperis (D'Onofrio, B.) Modified on 12/17/2002 (Entered: 12/06/2002) |

| 12/06/2002 | 3 | MOTION by Miguel A. Diaz for Appointment of Counsel (D'Onofrio, B.) Modified on 12/17/2002 (Entered: 12/06/2002) |
|---|---|---|
| 01/23/2003 | 4 | RULING denying [1-1] motion to Proceed in Forma Pauperis Further proceedings held in abeyance until 2/11/03 pending receipt of filing fee in the amount of $ 150.00. Failure to tender the filing fee within 30 days of this order will result in dismissal. ( signed by Mag. Judge Holly B. Fitzsimmons ) (Jaiman, R.) (Entered: 01/24/2003) |
| 02/02/2003 | 5 | Plaintiff is directed to effect service on the complaint on defendant Brian Foley of the Hartford Police Dept., within 120 days from the date of the order and to file a return of service within 130 days from the date of this order (Judge Holly B. Fitzsimmons ) (Jaiman, R.) (Entered: 02/13/2003) |
| 02/10/2003 |   | Filing Fee Paid; FILING FEE $ 150 RECEIPT # B5596 (Larsen, M.) (Entered: 02/10/2003) |
| 02/20/2003 |   | SUMMONS(ES) issued for Brian Foley (Jaiman, R.) (Entered: 02/20/2003) |
| 06/02/2003 |   | CASE referred to Mag. Judge Joan G. Margolis (Jaiman, R.) (Entered: 06/02/2003) |
| 06/04/2003 | 6 | MOTION by Miguel A. Diaz to Extend Time to 9/10/03 to serve summons & complaint (Corriette, M.) (Entered: 06/05/2003) |
| 06/10/2003 | 7 | RULING and ORDER denying [3-1] motion for Appointment of Counsel ( signed by Mag. Judge Joan G. Margolis ) 2 Page(s) (Jaiman, R.) (Entered: 06/13/2003) |
| 06/20/2003 |   | ENDORSEMENT granting [6-1] motion to Extend Time to 9/10/03 to serve summons & complaint ( signed by Mag. Judge Joan G. Margolis ) (Jaiman, R.) (Entered: 06/25/2003) |
| 07/09/2003 |   | SUMMONS(ES) reissued for Brian Foley (Jaiman, R.) (Entered: 07/09/2003) |
| 07/28/2003 | 8 | MOTION by Miguel A. Diaz for Disclosure of evidence (Brief Due 8/18/03 ) (Corriette, M.) (Entered: 07/29/2003) |
| 07/28/2003 | 9 | NOTICE of Service by Miguel A. Diaz (Corriette, M.) (Entered: 08/01/2003) |
| 09/08/2003 | 10 | RULING and ORDER granting [8-1] motion for Disclosure of evidence ( signed by Mag. Judge Joan G. Margolis ) 1 Page(s) (Jaiman, R.) (Entered: 09/11/2003) |

| 09/17/2003 | 11 | SUMMONS Returned Executed on 9/2/03 as to Brian Foley (Corriette, M.) (Entered: 09/18/2003) |
| --- | --- | --- |
| 10/02/2003 | 12 | APPEARANCE of Attorney for Brian Foley -- James J. Szerejko (Corriette, M.) (Entered: 10/03/2003) |
| 10/02/2003 | 13 | MOTION by Brian Foley to Dismiss (Brief Due 10/23/03) (Corriette, M.) (Entered: 10/03/2003) |
| 10/02/2003 | 14 | MEMORANDUM by Brian Foley in support of [13-1] motion to Dismiss (Corriette, M.) (Entered: 10/03/2003) |
| 11/06/2003 | 15 | Memorandum in Opposition re [13] Motion to Dismiss filed by Miguel A. Diaz. (Corriette, M.) (Entered: 11/10/2003) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 11/19/2003 09:33:57 | | | |
| PACER Login: | hs0028 | Client Code: | |
| Description: | Docket Report | Case Number: | 3:02-cv-02147-JBA |
| Billable Pages: | 1 | Cost: | 0.07 |