UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIGUEL A. DIAZ | : | **PRISONER UNIT** |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:02 CV 2147 (JBA)(JGM) |
| VS. | : | |
| | : | |
| | : | |
| BRIAN FOLEY | : | |
| Defendant | : | JANUARY 8, 2004 |

## <u>DEFENDANT'S, BRIAN FOLEY, MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the undersigned defendant, Brian Foley, respectfully moves to dismiss all claims directed to him, as they fail to state a claim upon which relief can be granted. For the reasons set forth below, this defendant's motion should be granted.

I.    <u>INTRODUCTION</u>

This pro se plaintiff, Miguel A. Diaz, commenced this action on or about December 6, 2002.  His Motions to Proceed in *Forma Pauperis* and for Appointment of Counsel have been denied according to the United States District Court web pacer docket report.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

By Court Order, of February 7, 2003, the plaintiff was given until June 3, 2003 to effect service of his Summons and Complaint upon the defendant, Brian Foley, of the Hartford Police Department.  That date to serve the Summons and Complaint upon the defendant was extended by a subsequent Order of the Court until September 10, 2003.  The plaintiff did serve, on or about September 2, 2003, a copy of a one-page Summons Sheet, a two-page document, described as Consent to Jurisdiction by United States Magistrate Judge, and a copy of a two-page Court Order of February 7, 2003.  Those documents, collectively, were described as Exhibit A to Defendant's Memorandum of Law in support of his Motion to Dismiss of September 30, 2003.  That Motion to Dismiss was denied, without prejudice, by this Court's ruling of November 18, 2003, and the Court directed the clerk to issue a summons for this defendant to be sent with the ruling to the plaintiff.  The plaintiff was then directed to effect service within sixty (60) days and, apparently, he has done so.

Nonetheless, the plaintiff's complaint is deficient, as it is barred by the applicable statute of limitations.

- 2 -

II.    ARGUMENT

   A.    Standard of Review

        In considering a Motion to Dismiss, the Court is required to accept as true
all well pleaded facts in the complaint and draw all reasonable inferences in favor
of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974);
Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991), *cert. denied*, 504
U.S. 911, 112 S.Ct. 1943 (1992).  Dismissal is warranted where, under any set of
facts that the plaintiff can prove consistent with the allegations, it is clear that no
relief can be granted.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct.
2229 (1984).  The issue on a motion to dismiss is not whether the plaintiff will
prevail, but whether the plaintiff is entitled to offer evidence to support his or her
claims.  United States v. Yale-New Haven Hospital, 727 F. Supp. 784, 786 (D.
Conn. 1990) (citing Scheuer, supra, 416 U.S. at 232).  Bald conclusions of law
will not enable the plaintiff to defeat a motion to dismiss for failure to state a
claim.  Leeds v. Meltz, 85 F. 3d 51, 53 (2d Cir. 1996); see also In re Syntex
Corp. Securities Litigation, 95 F. 3d 922, 926 (9th Cir. 1996)(conclusory
allegations of law and unwarranted inferences are insufficient to defeat a motion
to dismiss for failure to state a claim).  A complaint "must contain either direct or
inferential allegations respecting all the material elements to sustain a recovery

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

under some viable legal theory." <u>Andrews v. Ohio</u>, 104 F.3d 803, 806 (6th Cir.

1997).  The complaint must present a viable cause of action.

      B.     <u>The Plaintiff's Claims As To The Undersigned Defendant Are
Barred By The Statute Of Limitations</u>.

"Although the statute of limitations defense is usually raised in a

responsive pleading, the defense may be raised in a motion to dismiss if the

running of the statute is apparent from the face of the complaint." <u>Velez v. City

of New London</u>, 903 F. Supp. 286, 289 (D. Conn. 1995), <u>quoting</u> <u>Ledesma v.

Jack Stewart Produce, Inc.</u>, 816 F.2d 482, 484 n.1 (9th Cir. 1987); <u>see</u> <u>also</u> <u>Joslin

v. Grossman</u>, 107 F. Supp. 2d 150, 154 (D. Conn. 2000)(proper to raise defense

of statute of limitations in a motion to dismiss).  It is apparent from the allegations

of this complaint that any claim the plaintiff may have arising from his arrest of

December 2, 1999 is now barred by the applicable statute of limitations.  The

record herein is clear that the plaintiff filed this complaint on December 6, 2002.

<u>See</u> United States District Court Pacer Docket Report (attached hereto as **Exh.

A**).

When ruling on a motion to dismiss, the Court must presume that the well

pleaded facts alleged in the complaint are true, and draw all reasonable

inferences from those facts in favor of the plaintiff.  <u>See</u> <u>Sykes v. James</u>, 113

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

F.3d 515, 519 (2d Cir. 1993).  The issue at this juncture is not whether the

plaintiff will prevail, but whether he should be allowed an opportunity to prove his

claim.  See Conley v. Gibson, 355 U.S. 41, 45 (2 L. Ed.) 80, 78 S.Ct. 99 (1957).

The statute of limitations period for claims brought under 42 U.S.C.

§ 1983 is borrowed from applicable state law.  The Second Circuit has concluded

that § 1983 claims are properly characterized as personal injury actions and the

state statute of limitations applicable to personal injury actions should apply to all

§ 1983 claims.  Loundesbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994).  In

Connecticut, the three-year statute of limitations, provided in General Statutes

§ 52-577, applies to claims under § 1983.  Id. at 134; Walker v. Jastremski, 159

F.3d 117, 119 (2d Cir. 1998)(§1983 action filed in the District of Connecticut is

subject to a three-year statute of limitations).  Thus, a plaintiff has three years

from the date his cause of action accrues to commence a lawsuit.  It is clear from

this plaintiff's complaint that the subject episode, allegedly giving rise to this

cause of action, occurred on December 2, 1999, more than three (3) years

before his filing of the subject complaint on December 6, 2002.  See Pl.

Complaint, Item #5, Statement of Claim, p. 3.  (Plaintiff's Complaint attached

hereto as **Exh. B**).  To that extent, it is clear that no relief can be granted, even if

the plaintiff chose to amend his complaint.  See Hishon v. King and Spaulding,

- 5 -

467 U.S. 69, 73, 104 S.Ct. 229 (1984).  Note that any other tort claim that arguably is part of the plaintiff's cause of action, as set forth in his complaint, is also subject to the same statute that would serve as a bar herein.  See Alterieri v. Colasso, 168 Conn. 329, 331-332 (1975).

Accordingly, it is respectfully submitted that the plaintiff's complaint, directed to Brian Murphy (sic)(see caption) Foley, should be dismissed, and judgment entered in his favor, as the cause of action is time barred by the applicable statute of limitations.

III.    CONCLUSION

WHEREFORE, for the foregoing reasons, the undersigned defendant respectfully requests that his Motion to Dismiss all claims, directed to him, should be granted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANT,
BRIAN FOLEY

BY: _____
James J. Szerejko
Fed. Bar No. ct 04326
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT  06103
Tele: (860) 522-6103

<u>CERTIFICATION</u>

This is to certify that on this 8th day of January, 2004, the foregoing was either mailed, postpaid, or hand-delivered to:

Miguel A. Diaz #250008
MacDougall Corrections Institute
1153 East Street South
Suffield, CT  06080


_____
James J. Szerejko

500931.1(HS-FP)

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105