UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIGUEL A. DIAZ | : | **PRISONER UNIT** |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:02 CV 2147 (JBA)(JGM) |
| VS. | : | |
| | : | |
| | : | |
| BRIAN FOLEY | : | |
| Defendant | : | FEBRUARY 4, 2004 |

## REPLY BRIEF OF THE DEFENDANT, BRIAN FOLEY, IN SUPPORT OF HIS MOTION TO DISMISS

**I.   INTRODUCTION**

The defendant's Motion to Dismiss of January 8, 2004, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, was based upon a failure of the plaintiff to state a claim upon which relief can be granted.  Specifically, the defendant maintains that this plaintiff's cause of action is defective, as it is time barred by the applicable statute of limitations.  The plaintiff maintains at pages 1 and 2 of his Memorandum in Opposition to Defendant's Motion to Dismiss (received by the undersigned defendant on January 22, 2004) that the Court has already considered this argument in denying Defendant's Motion to Dismiss of September 30, 2003 directed to an earlier complaint filed by plaintiff.  The record

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

is clear that the Court never considered the defendant's argument with regard to the statute of limitations, as it was raised in the Defendant's Reply Brief of November 20, 2003, and the Court had issued its ruling with regard to the earlier Motion to Dismiss on November 18, 2003. (See Document No. 16 U.S. District Court database)

It is therefore entirely appropriate for the Court to consider the present argument, based upon plaintiff's cause of action being time barred.

**II.    ARGUMENT**

This plaintiff commenced his action on December 6, 2002. As effective service was not made upon the named defendant within the time proscribed by an earlier court order, the undersigned defendant filed a motion to dismiss pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure on or about September 30, 2003. The plaintiff filed an opposition document on or about October 14, 2003. The defendant filed a reply brief which addressed plaintiff's arguments concerning defective service, and also raised the applicability of the statute of limitations as that issue became apparent when the defendant received a copy of plaintiff's complaint for the first time in September, as the original complaint had never been served upon the defendant prior to that time. However, the Court ruled upon the Motion to Dismiss prior to its receipt of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the defendant's reply brief and, presumably, did not have the benefit of considering the applicability of the statute of limitations defense when the ruling was made. Therefore, the argument made at page 2 of Plaintiff's Memorandum in Support of his Opposition to Defendant's Motion to Dismiss is inapplicable.

In an effort to claim that the plaintiff did timely commence this action, he refers to steps allegedly taken to commence this action (see Plaintiff's Opposition Memorandum, pp. 2-3) and refers to extrinsic documents. The fact remains, this action was commenced on December 6, 2002, more than three years beyond the date of the underlying incident giving rise to this cause of action. Accordingly, pursuant to Section 52-577 of the Connecticut General Statutes and Loundesbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994), it is time barred.

Finally, it is apparent on the face of plaintiff's complaint, without reference to extrinsic documents, that this action was not commenced in a timely manner. It should be dismissed as a result.

### III.  CONCLUSION

Wherefore, as the plaintiff has failed to commence this action within the period proscribed by the applicable statute of limitations, the complaint fails to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

state a claim upon which relief can be granted.  The defendant's Motion to Dismiss should be granted as a result.

DEFENDANT,
BRIAN FOLEY

BY: _____
James J. Szerejko
Fed. Bar No. ct 04326
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT  06103
Tele: (860) 522-6103

## CERTIFICATION

This is to certify that on this 4th day of February, 2004, the foregoing was either mailed, postpaid, or hand-delivered to:

Miguel A. Diaz #250008
MacDougall Corrections Institute
1153 East Street South
Suffield, CT  06080

_____
James J. Szerejko

511706.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105