UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

May 4  4:53 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

MIGUEL A. DIAZ                  :
                                :           PRISONER
        v.                      :   Case No. 3:02CV2147(JBA)
                                :
BRIAN FOLEY                     :


RULING AND ORDER

Plaintiff, Miguel A. Diaz ("Diaz"), filed this civil rights action pro se against Officer Brian Foley of the Hartford, Connecticut, Police Department. The defendant moves to dismiss on the ground that the complaint is time-barred. For the reasons that follow, the defendant's motion is denied.

I.  Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims."

Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

II. Procedural Background

Diaz signed the complaint on July 5, 2002. The complaint form and instruction sheet he used, however, were outdated and included an incorrect amount for the filing fee. When the court received the complaint on August 1, 2002 with a filing fee of $120.00 instead of $150.00, the papers were returned to Diaz.

Diaz again submitted the complaint. Although the file-stamp on the complaint form is November 25, 2002, it does not appear from the court file that Diaz submitted an application to proceed in forma pauperis or the filing fee at this time.

The complaint was file-stamped for a third time on December 6, 2002, as was the application to proceed in forma pauperis. The application to proceed in forma pauperis was signed on November 26, 2002 and the attached inmate account statement is

dated November 27, 2002. In addition, plaintiff submits in his opposition a copy of a Special Request Form he used to request that the filing fee be forwarded to the court. From the date at the top, it may be inferred that Diaz began completing the form on November 29, 2002 and then signed it in front of a correctional officer on December 2, 2002.

III. Discussion

As an initial matter, Diaz has filed a motion for default judgment. The Second Circuit has expressed its preference that cases be decided on the merits, see, e.g., Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), rather than by default which should be used "only in extreme situations." Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994) (citations and internal quotation marks omitted). Defendant has now appeared and filed a motion to dismiss, therefore Diaz' Motion for Default is DENIED.

Defendant argues that the complaint is time-barred because it was not file-stamped by the court until December 6, 2002, three years and four days after the underlying incident. In response, Diaz argues that he complied with the filing requirements for prisoners. In the alternative, he contends that the limitations period should be equitably tolled during the time he initially submitted his complaint with the incorrect filing fee.

The limitations period for filing a section 1983 action is

3

three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). The alleged assault occurred on December 2, 1999. Thus, Diaz had until December 2, 2002, to file his complaint.

When considering a case filed by a prisoner, the courts consider a complaint to have been filed as of the date the inmate gives the complaint to prison officials to be mailed to the court. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court)(citing Houston v. Lack, 487 U.S. 266, 270 (1988)). Thus, if Diaz gave his complaint to prison official for mailing on or before December 2, 2002, it would not be time-barred.

Diaz began completing the special request form to obtain the filing fee from his inmate account on November 29, 2002. This suggests that he received the November 27, 2002 inmate account statement by that date and, realizing that his application to proceed *in forma pauperis* would be denied, began the process to pay the fee. Diaz had all of the papers required to submit his

4

complaint to the court by Friday, November 29, 2002. Thus, it may reasonably be inferred that Diaz would have given his papers to correctional staff for mailing on that date or, certainly, before December 2, 2002.

The filing fee payment request was approved on December 6, 2002, and the fee was submitted to the court by Department of Correction officials in January 2003. Because Diaz filed a motion to proceed *in forma pauperis*, however, he did not have to wait for a check to be issued before mailing his complaint.

While the court cannot determine definitively when Diaz gave his complaint to prison officials for mailing, the record evidence does not warrant dismissal. Defendant has identified no evidence in the record to show that the complaint was submitted for mailing after December 2, 2002. Thus, defendant's motion to dismiss must be denied.

IV. Conclusion

Defendant's Motion to Dismiss [doc. #24] is DENIED on this record.

The parties are directed to complete discovery by **September 2, 2004** and to file any dispositive motions by **October 2, 2004**. This case shall be trial ready by **April 01, 2005**.

In addition, Diaz' Motion for Default Judgment [doc. #23] is DENIED.

**IT IS SO ORDERED** in New Haven, Connecticut, this 3d day of May, 2004.

Janet Bond Arterton
United States District Judge