UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIGUEL A. DIAZ | : | CIVIL ACTION NO. |
| Pro se | : | 3:02CV2147 (JBA) |
| | : | |
| | : | |
| V. | : | |
| | : | |
| BRIAN FOLEY | : | |
| Defendant | : | June 16, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR MORE DEFINITE STATEMENT**

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, the defendant,

Brian Foley, moves for a more definite statement as to the plaintiff's Complaint.  For the

following reasons, the defendant's Motion should be granted.

**I.     FACTUAL ALLEGATIONS**

By Complaint dated February 15, 2000, the plaintiff, Miguel A. Diaz, commenced

the present action against the defendant, Brian Foley, a police officer for the City of

Hartford, seeking damages arising from an incident on or about December 2, 1999.

The plaintiff alleges that on or about December 2, 1999, during the course of the

plaintiff's arrest, Officer Foley used excessive and improper force when he allegedly hit

the plaintiff, resulting in a fracture to his right wrist, right leg pain, and right arm pain.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*Complaint.* From this series of events, the plaintiff brings the present action against the aforementioned defendant, seeking money damages.

The plaintiff advances a federal constitutional claim under 42 U.S.C. § 1983. Nowhere in the Complaint, however, does the plaintiff identify specifically the source of the federal constitutional or statutory right of which he was deprived.

## II.    ARGUMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Although motions for more definite statement generally are not favored, *see William v. Allen*, 616 F. Supp. 653, 659 (E.D.N.Y. 1985), courts have held that a motion for a more definite statement is an appropriate remedy when a civil rights complaint fails to articulate "the specific acts each specific defendant allegedly undertook and when they occurred, and **the related rights of the plaintiff violated** by each specific defendant." *Gleichauf v. Ginsberg,* 859 F. Supp. 229, 233 (S.D. W. Va. 1994)(emphasis added). *See also Gierlinger v. New York State Police*, 738 F. Supp. 96, 98 (W.D.N.Y.1990) (holding motion for a more definite statement is an appropriate remedy when a civil

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

rights plaintiff fails to identify "which defendant did what" and instead advances legal conclusions that the defendants violated the plaintiff's civil rights).

Even a cursory review of the plaintiff's Complaint illustrates the need for a more definite statement of his claims.  Without the requested clarification,  it is impossible for the defendant to frame a responsive pleading to the Complaint.  In its present form, the Complaint fails to particularly describe the specific constitutional right of which the plaintiff claims he was deprived, the source of said right, or how the defendant deprived him of said right.  The defendant should not be required to guess or speculate as to what claims the plaintiff is alleging against him, and the basis for those claims.  Hence, a more definite statement is the appropriate means by which to correct these deficiencies.

## III.    CONCLUSION

Wherefore, for the foregoing reasons, the undersigned defendant respectfully requests that the Court order a more definite statement that identifies the specific constitutional right of which the plaintiff claims he was deprived and the source of the constitutional right with respect to those claims.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANT:
BRIAN FOLEY


By _____
Eric P. Daigle of
HALLORAN & SAGE  LLP
Fed. Bar #ct23486
One Goodwin Square
225 Asylum Street
Hartford, CT  06103
(860) 522-6103
Edaigle@halloran-sage.com


## CERTIFICATION

This is to certify that on this 17th day of June, 2004, a  copy of the foregoing Memorandum of Law was mailed, postage prepaid, to:

Manuel A. Diaz, Inmate # 250008
C.R.C.I.
P.O. Box 1400
Enfield, CT 06083


_____
Eric P. Daigle


562080.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105