UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUEL A. DIAZ

v.                                     PRISONER
                                       Case No. 3:02CV2147 (JBA)(JGM)

BRIAN FOLEY, et al.

## RULING AND ORDER

Plaintiff has filed a document entitled "Motion to Disclose Evidence" in which he asks the court to retain an affidavit relating to the incident underlying the complaint. The court is not a repository for evidence relating to cases before it. The correct practice is for the parties to retain the evidence supporting their claims and then present the evidence at trial or attach it to a memorandum in support of or opposition to a motion for summary judgment. Here, however, the affidavit in question already has been docketed and is part of the record. Thus, plaintiff's motion **[dkt. #43]** is **GRANTED**. Plaintiff is cautioned not to submit any additional evidence in this manner.

Defendant has filed a motion for more definite statement on the ground that plaintiff failed to identify the source of the right he contends was violated.

Motions for more definite statement generally are disfavored and will only be granted "[i]f the pleading to which a responsive pleading is permitted, is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading...." Fed. R. Civ. P. 12(e). The purpose of a complaint is to "inform the defendant as to the general nature of the action and as to the incident out of which a

cause of action arose." Bower v. Weisman, 639 F. Supp. 532, 538 (S.D.N.Y. 1986); see also Fed. R. Civ. P. 8; Conley v. Gibson, 355 U.S. 41, 47-48 (1957). Accordingly, Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail." Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (citations omitted), aff'd, 23 F.3d 398 (2d Cir.), cert. denied, 513 U.S. 50 (1994).

Defendant concedes that the complaint informs him of the factual basis of the claim. Plaintiff alleges that defendant used excessive force against him in effecting his arrest in December 1999. The complaint describes the use of force, provides the approximate date of the incident and describes plaintiff's injuries. Defendant argues that a more definite statement is required because plaintiff did not specify the exact constitutional provision upon which he bases his claims, forcing him to speculate about the nature of the claim against him. The court is not persuaded by defendant's argument. Claims for use of excessive force during the course of an arrest are cognizable under Fourth Amendment or under state law as assault and/or battery. The court concludes that the complaint sufficiently informs defendant of the claims against him.

Defendant's motion for more definite statement **[dkt. #40]** is **DENIED**.

**SO ORDERED** this 1st day of July, 2004, at New Haven, Connecticut.

JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE

2